EMMA W. COOK et al., executors, &c.,

*v.*

WILLIAM W. WEIGLEY et al.

[Decided January 27th, 1905.]

1. The *status* of land and immovable property, together with its title and the incidents thereof, is subject to the adjudication of the courts of the sovereignty within the boundaries of which the property is located.

2. Where an owner of islands in the Hudson river described them in a mortgage as lying within the State of New Jersey, the courts of New Jersey had jurisdiction of a proceeding to foreclose the mortgage, in the absence of evidence that in 1834, the date of the boundary agreement between New York and New Jersey, the lands mortgaged were under the jurisdiction of the State of New York, within the provision of that agreement that New York should retain its jurisdiction over specified islands, and also over the other islands then under the jurisdiction of that state.

3. Where foreclosure proceedings resulted in a decree for complainants, which was affirmed by the court on appeal, the jurisdiction of the court to make the decree entered in accordance with the mandate of the court on appeal could not be attacked for the first time upon a simple petition, verified in a general form, and without evidence of the facts upon which want of jurisdiction was claimed to rest.

On petition, &c.

*Messrs. Vroom, Dickinson & Scammell* and *Messrs. Anderson & Anderson* (of the New York bar), for the petitioners.

*Mr. Frank Durand* and *Mr. W. W. MacFarland,* for the respondents.

BERGEN, V. C.

The defendant Weigley, claiming to be the owner of Oyster island and Robin's reef, islands surrounded by the waters of Hudson river, mortgaged them to the complainants. Proceedings were instituted in this court for the foreclosure of the mortgage, and answers were interposed by the mortgagor and the

International Docks Terminal Railway Company, the latter defendant having purchased a portion of the mortgaged premises with notice of 'and subject to the mortgage. The foreclosure suit resulted in a decree for the complainants, from which an appeal was taken to the court of errors and appeals, where it was affirmed and remitted to this court for enforcement. After such affirmance a petition was presented to this court, which, after reciting the foregoing facts, charges that notwithstanding such decree a title to the mortgaged premises cannot be had by virtue of the sale directed by said decree, because this court has no authority to order the lands to be sold, the jurisdiction thereof belonging exclusively to the State of New York, and prays that the execution be stayed; that it be declared that this court has no jurisdiction to decree the foreclosure and sale of the mortgaged premises, and that the bill of complaint, with the subsequent proceedings had thereon, be dismissed.

It is sought to support this petition by invoking the aid of article 2 of the act confirming an agreement between the commissioners appointed by the governors of the States of New York and New Jersey, respectively, for the purpose of settling the jurisdiction and territorial limits of the two states. The article reads as follows:

"The State of New York shall retain its present jurisdiction of and over Bedlow's and Ellis' islands, and shall also retain exclusive jurisdiction of and over the other islands lying in the waters above mentioned,. and now under the jurisdiction of that state."

The first article of the agreement establishes the boundary line between the two states, and without doubt the mortgaged premises lie to the west of that line and within the territorial limits of this state, but the petitioners urge, with great earnestness, that the lands are embraced within the description "other islands lying in the waters above mentioned," and that the exclusive jurisdiction retained by the State of New York effected a modification of the boundary line so far as these islands are concerned, and that the words "exclusive jurisdiction" imply state sovereignty. This contention, however, has been disposed of, contrary to the insistment of the petitioner, by the supreme

court of this state, in *Central Railroad of New Jersey* v. *Mayor, &c., of Jersey City,* '70 *N. J. Law (41 Vr.) 81,* and declares the law on this subject, under which I am bound to hold, that the property in question is within the territorial limits of this state, and under its sovereign power. It is elementary law that the *status* of land and immovable property, together with its title and incidents thereof, is subject to the adjudication of the courts of that sovereignty within the boundaries of which it is located. These lands, being within the boundary of this state, and so recognized by the mortgagor, who in his mortgage describes them as lying within the county of Hudson, in the State of New Jersey, it seems to me that in the absence of any proof showing that in 1834 the lands in controversy were under the jurisdiction of the State of New York, we are justified in assuming that they were not, and that it is within the jurisdiction of our courts to determine their *status* and title, with "its incidents and the mode in which they may be charged or conveyed." *Bullock* v. *Bullock, 52 N. J. Eq. (7 Dick.) 561.* But under the view I take of these proceedings, it is not necessary that I should rest my conclusion upon the determination of this question.

The present proceeding raises no question of title; it only challenges the jurisdiction of the court, which objection is now interposed after a protracted litigation in this court and in the court of errors and appeals, and should have been raised in the first instance, because everything that is now urged was then within the knowledge of the petitioner, and I am now asked upon a petition, verified in the most general form, and without evidence of the facts upon which want of jurisdiction may rest, to vacate and annul a decree of this court entered by direction of a court of review. This I do not feel justified in doing in this summary way. The adjudication of the court of errors and appeals implies not only that it had jurisdiction, but that it heard and determined that question, for it cannot be assumed that it would proceed without it, and to overcome that solemn judgment a more formal method of reviewing the present decree should be instituted. In addition to what has been said, there is nothing in the record to show that the mortgaged premises are islands within the description used, over which it was agreed the

State of New York should retain exclusive jurisdiction. On the other hand, the bill and answers alleged that the lands are in this state, and therefore within the jurisdiction of this court.

For the reasons above stated, I will advise an order dismissing the rule to show cause.